Filed 2/10/15  In re Hill CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re JEFFREY ANDRE HILL,<br><br>    on Habeas Corpus. | E062128<br><br>(Super.Ct.No. WHCSS1400333)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  Petition granted in part and denied in part.

Jeffrey Andre Hill, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, and Jennifer L. Heinisch, Deputy Attorney General, for Respondent.

This court has reviewed the petition and supporting documents, and has requested and received an informal response from the Attorney General.  In accordance with the Attorney General's concession and agreement, we grant relief.

Petitioner has been found suitable for parole but has not been released as the California Department of Corrections and Rehabilitation (CDCR) believes that he has not

yet served the required portion of his sentence. First, although some of the documentation reflects that one of his two sentences for convictions under Penal Code section 4502 was to be served concurrently with his term for murder, the actual transcripts reflect that both terms were ordered to be served consecutively to that term and to each other. Indeed, the statute requires this result.

However, the CDCR's position is based upon the assumption that the two terms under Penal Code section 4502 are *fully consecutive* to each other. This is not the case. The second term was subject to the "one-third the middle term" calculation under Penal Code section 1170.1, subdivision (c). (*People v. Venegas* (1994) 25 Cal.App.4th 1731.)

The Attorney General agrees and notes that the three-year term imposed for one of the Penal Code section 4502 convictions should be the base term, while a consecutive one-year term should be imposed for the second such conviction. We are in accordance with this calculation. Hence, petitioner is subject to a determinate term of four years, not five.

DISPOSITION

The petition for writ of habeas corpus is GRANTED in this respect, and insofar as Petitioner seeks concurrent sentencing, is DENIED. The matter is remanded to the Superior Court of San Bernardino County with directions to issue a corrected abstract of judgment in case No. OCR6755 reflecting a one-year term pursuant to Penal Code section 1170.1, subdivision (c), to run consecutively to the three-year term imposed in case number OCR6923.

2

This opinion shall be final forthwith.

NOT TO BE PUBLISHED

KING _____
J.

We concur:

HOLLENHORST _____
Acting P. J.

RICHLI _____
J.

3